IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DARRELL and JOAN MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPRESS RECOVERY SERVICES, INC.,<br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 1:11-cv-130 |

Plaintiffs Darrell and Joan Martinez have sued Defendant Express Recovery Services, Inc. (Express) under the Fair Debt Collection Practices Act (FDCPA).  The Martinezes allege that they entered into a debt collection agreement with Express in September, 2010.  Despite making their $50 monthly payments on time for September, October, and November, the Martinezes allege that Express began demanding a larger monthly payment in November, 2010, and threatened to sue if the Martinezes did not comply.  Eventually, Express allegedly demanded $130 per month and the Martinezes could no longer afford the payments.  The Martinezes now claim that Express violated the FDCPA by ratcheting up the monthly payments.

Express has filed a Motion to Dismiss (Dkt. No. 31) under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Express argues that the Martinezes have not asserted a "false, deceptive, or misleading representation" in violation of 15 U.S.C. § 1692e, or any "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f.

In considering a motion to dismiss under Rule 12(b)(6), the plaintiff's "well-pleaded

factual allegations" are viewed "in the light most favorable to the plaintiff."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005)).  The question is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  Ridge at Red Hawk, 493 F.3d at 1177 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)).

In the light most favorable to the Martinezes, the court finds that the facts that the Martinezes have plead are adequate to state a claim to relief.  Express admits that the Martinezes may have alleged a breach of a debt agreement.  (Def.'s Mot. Dismiss, Dkt. No. 8, at 4.)  And the FDCPA prohibits any "threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  If Express threatened to sue even though it had breached the debt agreement, its behavior could fall within this provision.  The Congressional purpose in enacting the FDCPA supports this reasoning.  The statute states that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  And the list of specific examples provided by 15 U.S.C. § 1692e is not intended to narrow or limit the broad prohibition on "false, deceptive, or misleading representation" found in the opening sentence of the section.  As a result, the statute should be read liberally to cover a wide variety of deceptive and unfair practices.  See also Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991) (finding a violation of 15 U.S.C. § 1692e where a debt collector demanded payment within 10 days despite including a notice that, under the statute, the debtor had 30 days to dispute the debt).

In its reply brief, Express argues that the alleged demand for more money did not relate to the single debt, but instead that additional accounts were assigned to Express and that it was with

2

respect to those accounts that Express sought additional payments.  While these assertions may

be true, these factual allegations go outside the pleadings and cannot be considered by the court

when deciding a motion to dismiss.  But Express is free to bring back this argument in a motion

for summary judgment when the court has a more complete factual record before it.

 For the reasons stated above, Express's Motion to Dismiss (Dkt. No. 31) is DENIED.

 SO ORDERED this 21st day of May, 2012.

      BY THE COURT:

      _____
      TENA CAMPBELL
      United States District Judge